PbaesoN, C. J.
 

 Under the will of his father no legal right to the land is given to the defendant, and we feel at liberty to say no right
 
 in rem
 
 is given, either at Law or
 
 in Equity.
 
 So the defendant has no ground to stand on and must, appeal to his mother’s sense of justice in regard to the imperfect right growing out of the will, in which the testator expresses a wish that his “ son, William, should live with his mother.” Which expression implies much, taking into consideration the connection of the parties, but does not confer any right which can be enforced in a court of law, or which authorises the defendant to refuse to give up possession of the part of the land for which he is sued.
 

 The ground taken by the counsel of the defendant, that he had become a tenant “ from year to to year,” and was entitled to
 
 six months notice to quit,
 
 before he could be sued in ejectment, cannot avail him, because he disavowed the relation of “ landlord and tenant,” not only at the time when he built the house and set up exclusive claim to the part he was cultivating, but also at the time of the demand, and one is not allowed to blow
 
 hot a/nd cold
 
 in the same breath; i. e., if he disallows the relation, he cannot afterwards claim the privileges of a tenant.
 

 The evidence in respect to some corn, which the defendant delivered to the plaintiff’s lessor, (on what account does not appear,) and that he and his wife husked some, was not so
 
 *622
 
 'connected with the relation of the parties as to be entitled to any weight. There is no error.
 

 Pee CueiaM,
 

 Judgment affirmed.